IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HAYDEE PUJALS                              )
            Plaintiff,                     )
                                           )   C.A. 05 11235 WGY
    v.                                     )
                                           )   MAGISTRATE JUDGE _____
NEW CENTURY MORTGAGE CORPORATION           )
and WILSHIRE CREDIT CORPORATION            )
            Defendants.                    )
                                           )

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED  Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE 6/13/05

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against New Century Mortgage Corporation (*hereinafter* "New Century") for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as Plaintiff is a resident of Massachusetts and seeks rescission of a $315,000.00 mortgage obligation held by an out of state corporation that does not have it's principle place of business in Massachusetts.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants

1

do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Haydee Pujals resides at 65 Baker Street, Lynn, MA 01902.

5. Defendant New Century is a National corporation with its principle place of business at 18400 Von Karman Ave., Suite 1000, Irvine, CA 92612.

6. New Century enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. New Century is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. New Century is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

9. Upon information and belief, Wilshire Credit Corporation ( *hereinafter* "Wilshire" ) is the present holder of said mortgage and responsible for all claims made against the Defendant, New Century.

## FACTS

10. On or about August 17, 2004, Plaintiff obtained a loan from New Century, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, the Plaintiff did not receive any of the material disclosures regarding TILA and the Massachusetts counterparts at closing.

12. The Plaintiff received material disclosures <u>subsequent</u> to the closing which were defective, as the deadline contained on the notice of right to cancel to exercise said right had already expired.

13. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

Section 226.23 of 15 U.S.C. §1635 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

    (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

        (1) The retention or acquisition of a security interest in the consumer's principal dwelling.

        (2) The consumer's right to rescind the transaction.

        (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

        (4) The effects of rescission, as described in paragraph (d) of this section.

        (5) The date the rescission period expires. . . .

    (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

        (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

        (2) A credit plan in which a state agency is a creditor.

14. On or about January 26, 2005 Plaintiff exercised her extended right to rescind the loan for violations of TILA and the Massachusetts counterparts. A notice of rescission was sent to New Century. A Copy of the notice is attached as <u>Exhibit A</u>

15. On or about June 10, 2005 Plaintiff notified the assignee, Wilshire of her request to rescind the loan. A Copy of the notice is attached as <u>Exhibit B.</u>

<center>COUNT I

TRUTH IN LENDING ACT VIOLATIONS</center>

16. Plaintiff incorporates ¶¶ 1-15 as if fully set out herein.

17. By failing to provide the material disclosures regarding TILA and the Massachusetts counterparts at the closing, New Century Mortgage Corporation failed to give Plaintiff clear and conspicuous notice of her right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and accordingly, the Plaintiff is entitled to rescind the mortgage.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

19. Defendant, Wilshire as assignee of the mortgage is subject to rescission by the Plaintiff pursuant to 15 U.S.C. § 1641( c ) and/or the Massachusetts counterparts.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants New Century and Wilshire as follows:

1. A declaration that Plaintiff is entitled to rescind her mortgage;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Christopher M. Lefebvre
Christopher M. Lefebvre
Claude Lefebvre/Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Christopher M. Lefebvre

# Exhibit A



Case 1:05-cv-11235-WGY   Document 1   Filed 06/13/2005   Page 8 of 10

January 27, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

New Century Mortgage Corporation
200 Unicorn Park, 3rd floor
Woburn, MA 01801

Charles F. Houston
New Century Mortgage Corp.
18400 Von Karman Ave., Suite 1000
Irvine, CA 92612-0516

Re:   Notice of Rescission by Haydee Pujals, 65 Baker Street, Lynn, MA 01902, Loan
      Number: 0001773050, Closing Date 8/17/2004.

To Whom It May Concern:

I represent Haydee Pujals concerning the loan transaction she entered into with New Century Mortgage Corporation on August 17, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23.

The primary basis for the rescission is that Ms. Pujals was not provided with **any** material disclosures until well after the consummation of the loan, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23.

The security interest held by New Century Mortgage Corporation on Ms. Pujal's property located at 65 Baker Street, Lynn, MA is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Haydee Pujals
By her Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

cc: Haydee Pujals

# Exhibit B



FROM THE OFFICE OF
**FAMILY AND CONSUMER LAW CENTER**

WWW.RICONSUMERLAW.COM
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
ATTORNEYS & COUNSELORS AT LAW

June 10, 2005

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Wilshire Credit Corp.
P.O Box 650314
Dallas, TX 75265-0314

Re:   Notice of Rescission by Haydee Pujals, 65 Baker Street, Lynn, MA 01902, Loan Number: 677098, Closing Date 08/17/2004.

To Whom It May Concern:

I represent Ms. Pujals concerning the loan she entered into with New Century Mortgage Corporation on August 17, 2004 which was subsequently sold to Wilshire Credit Corporation. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635, Regulation Z, Section 226.23 and the Massachusetts counterparts.

The primary basis for the rescission is that Ms. Pujals, as owner of the property at the time of refinance, was not provided with the proper notice of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a), Regulation Z, Section 226.17, Section 226.23 and the Massachusetts counterparts.

The security interest held by New Century Mortgage Corporation and/or Wilshire Credit Corporation on Ms. Pujals's property located at 65 Baker Street, Lynn, MA 01902 is void as of this rescission. Pursuant to Regulation Z and the Massachusetts counterparts, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Haydee Pujals
By her Attorney,

*Christopher M Lefebvre*

Christopher M. Lefebvre, Esq.

cc: Haydee Pujals

TWO DEXTER STREET, P.O. BOX 479   PAWTUCKET, RI 02862   PHONE: (401) 728-6060   FAX: (401) 728-6534

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Haydee Pujals v. New Century Mortgage Corp. and Wilshire Credit Corp.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                           YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                           YES [ ]    NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                           YES [ ]    NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                           YES [ ]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                           YES [ ]    NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                           YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Christopher M. Lefebvre, Esq.
ADDRESS  Two Dexter Street, PO Box 479, Pawtucket, RI 02862
TELEPHONE NO.  401-728-6060

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Haydee Pujals

### DEFENDANTS
New Century Mortgage Corp. and Wilshire Credit Corp

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher M. Lefebvre PC, Two Dexter St., Pawtucket, RI 02862  (401) 728-6060

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ■ 890 Other Statutory Actions |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 1601 et seq   To redress against the Defendant for violations of the Truth in Lending Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown

CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  6/-/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____