IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAYDEE PUJALS,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW CENTURY MORTGAGE CORPORATION, and WILSHIRE CREDIT CORPORATION,<br><br>    Defendants. | C.A. NO. 05 11235 WGY |

## ANSWER OF NEW CENTURY MORTGAGE CORPORATION AND WILSHIRE CREDIT CORPORATION TO PLAINTIFF'S COMPLAINT

Now comes New Century Mortgage Corporation (hereinafter "New Century") and Wilshire Credit Corporation (hereinafter "Wilshire") and answers the complaint as follows:

### INTRODUCTION

1. This is an introductory paragraph to which no response is required.

### JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

### PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8.  New Century admits that it is a mortgage lender but denies the remaining allegations of Paragraph 8.

## FACTS

9.  Denied.

10. New Century admits that the loan was secured by the residence, and believes that all of the proceeds were used for personal, family, or household purposes.

11. Denied.

12. Denied.

13. Admitted.

14. New Century admits that Plaintiffs exercised their right to rescind, but deny that they have the right. New Century admits to receipt of the rescission notice but deny that are obligated to rescind.

15. Admitted.

## COUNT 1

### TRUTH IN LENDING ACT VIOLATIONS

16. New Century repeats and realleges its responses to paragraphs 1 through 14.

17. Denied.

18. Paragraph 17 is a question of law to which no answer is required.

19. Denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this action.

## THIRD AFFIRMATIVE DEFENSE

The complaint must be dismissed for insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

The complaint must be dismissed for insufficiency of service of process.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's delay in commencing suit is inexcusable and has resulted in prejudice to New Century so substantial that the doctrine of laches bars its claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata*.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *collateral estoppel*.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has settled or should hereafter settle for any of its alleged damages with any parties, then New Century and Wilshire are entitled to a credit in the amount of said settlement.

### ELEVENTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages, which are denied, then those damages were caused by a person or persons for whose actions New Century and Wilshire cannot be held liable.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

### FOURTEENTH AFFIRMATIVE DEFENSE

New Century and Wilshire adopt such other defenses raised by any other defendant as may be applicable.

### FIFTEENTH AFFIRMATIVE DEFENSE

New Century and Wilshire reserve the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal appropriate.

**WHEREFORE,** Defendant, New Century Mortgage Corp. and Wilshire Credit Corporation request that this Court:

1. Deny Plaintiff's request for judgment;

2. Award Defendants, New Century Mortgage Corp. and Wilshire Credit Corporation its costs of defense, including its attorney's fees; and

3. Award Defendants, New Century Mortgage Corp. and Wilshire Credit Corporation such further relief as the Court may deem just and equitable.

                         **NEW CENTURY MORTGAGE CORP.**
                         **and WILSHIRE CREDIT**
                         **CORPORATION**
                         By its Attorney,

                         */s/ David M. Rosen*
                         David M. Rosen
                         BBO#: 552866
                         Harmon Law Offices, P.C.
                         P.O. Box 610389
                         Newton Highlands, MA 02461-0389
                         (617) 558-0500

October 27, 2005

## CERTIFICATION

I hereby certify that I served a true copy of the Answer Of New Century Mortgage Corporation and Wilshire Credit Corporation to Plaintiff's Complaint on October 27, 2005 by mailing via first class mail, postage prepaid, to:

Christopher M. LeFebvre
Two Dexter St.
Pawtucket, RI 02862

_____
David M. Rosen